**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JIMITA RACHEL DIXON,** | ) | |
| Plaintiff, | ) | **Civil Action No. 16-169E** |
| | ) | |
| v. | ) | **District Judge Rothstein** |
| | ) | |
| **SECRETARY JOHN WETZEL, et al,** | ) | **Magistrate Judge Baxter** |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

This civil rights action was filed in this Court on July 5, 2016. Plaintiff filed a motion seeking leave to proceed in forma pauperis.

By Order dated July 6, 2016, this Court granted Plaintiff's motion allowing her to make installment payments and directed that she file an Authorization form before July 20, 2016. Plaintiff did not comply.

By Order dated July 27, 2016, Plaintiff was directed to show cause for her failure to file the Authorization form. Plaintiff was instructed to show cause before August 5, 2016, or risk dismissal of this action based on her failure to prosecute. To date, Plaintiff has not complied.

1

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several weeks old, yet Plaintiff has not taken the initial steps in authorizing the payment of the required filing fee. Without Plaintiff's authorization for payment of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

## III.   CONCLUSION

It is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 22, 2016